***********
This matter was reviewed by the Full Commission based upon the record of the proceedings before Deputy Commissioner Berger, along with the briefs and arguments on appeal. The appealing party has not shown good ground to receive further evidence or to amend the prior Opinion and Award. Accordingly, the Full Commission adopts and affirms the Deputy Commissioner's holding and enters the following Opinion and Award.
 *********** EXHIBITS
1. A September 19, 2002 letter by Cathy Hege was marked as plaintiff's exhibit 1 and received into evidence.
2. Medical records were marked as plaintiff's exhibit 2 and received into evidence.
3. An alleged independent contractor agreement between the plaintiff and the defendant dated March 14, 2000 was marked as defendant's exhibit 1 and received into evidence.
 ***********
Based upon the evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. Defendant employed plaintiff as a sander. Defendant provided the equipment used by the plaintiff. Defendant transported plaintiff to and from work. Defendant negotiated the contracts for the work performed by the plaintiff. Defendant paid the plaintiff by the hour. Defendant held himself as a painting business. Plaintiff did not hold himself out as a business.
2. On September 11, 2001, the defendant regularly employed three or more employees in his construction business.
3. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
4. On September 11, 2001, Mark English had the ability and authority to bring his business into compliance with N.C. Gen. Stat. § 97-93 and willfully refused or neglected to do so.
5. On September 11, 2001, plaintiff was performing his regular job duties as a sander for the defendant-employer when he tripped on a cord and fell 14 feet down from the balcony on the second floor down to the first floor. As a result of this fall, plaintiff sustained a contusion to his left shoulder and multiple compression fractures of his thoracic spine and lumbar spine.
6. As a result of the September 11, 2001 fall, plaintiff was unable to earn any wages beginning September 11, 2001 to the present and continuing.
7. On September 11, 2001, plaintiff's average weekly wage was $320.00.
8. As a result of the September 11, 2001 compensable injury by accident, plaintiff incurred the medical expense of $5608.20 for services rendered by Orthopedic Specialists of the Carolinas.
9. The above referenced medical expense was reasonably necessary to lessen the period of disability, effect a cure or give relief to the plaintiff.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On September 11, 2001, plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to have the defendant pay temporary total disability compensation in the amount of $213.44 per week for the time period beginning September 11, 2001 to the present and continuing. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to have the defendant-employer pay medical expenses reasonably incurred to lessen the period of disability, effect a cure, or give relief. N.C. Gen. Stat. §97-25.
4. Any employer required to secure the payment of compensation who refuses or neglects to secure such compensation shall be punished by a penalty of one dollar ($1.00) for each employee, but not less than fifty dollars ($50.00) nor more than one hundred dollars ($100.00) for each day of such refusal or neglect, and until the same ceases. N.C. Gen. Stat. § 97-93(b).
5. The defendant-employer had the ability and authority to bring his business into compliance with N.C. Gen. Stat. § 97-93
and may be assessed a penalty equal to 100% of the amount of compensation due to the defendant-employers' employees injured during the time the defendant-employer failed to comply with N.C. Gen. Stat. § 97-93. N.C. Gen. Stat. § 97-94(d).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. The defendant shall pay to the plaintiff temporary total disability compensation in the amount of $200.00 a month until further order of the Industrial Commission and subject to the attorney's fee approved below. The full amount owed by the defendant to the plaintiff shall be ordered pursuant to a subsequent request by the plaintiff if plaintiff seeks to reduce this award down to a judgment.
2. Defendant shall pay the medical expense of $5608.20 for services rendered by Orthopedic Specialists of the Carolinas.
3. A penalty assessed against Mark English pursuant to N.C. Gen. Stat. § 97-94(b) is HEREBY HELD IN ABEYANCE.
4. A penalty assessed against Mark English pursuant to N.C. Gen. Stat. § 97-94(d) is HEREBY HELD IN ABEYANCE.
5. Twenty five percent of the amount awarded in paragraph 1 is HEREBY APPROVED as plaintiff's counsel's attorney's fees.
6. The defendant shall pay the costs of court in the amount of $200.00.
7. Plaintiff's claim for permanent partial disability compensation, if any, is HEREBY RESERVED.
8. A copy of this decision shall be sent by plaintiff to all of the healthcare providers listed in findings of fact. The healthcare providers with outstanding bills in this matter shall not seek to obtain collection of these bills from Douglas Barnhill. Failure to comply with this order by the healthcare providers and their collection agencies will result in the initiation of contempt proceedings against persons in violation of this order.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/____________________ THOMAS JEFFERSON BOLCH COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER